Nelson, J.,
delivered the opinion of the Court.
The only question submitted to our consideration in this ease, is, whether a payment of five hundred dollars, made by the executors of James "Wyley, deceased, to Mrs. Cockrell, one of the complainants, was a valid payment? By one of the provisions in the last will and testament of James Wyley, *473 Ms executors were fully empowered to sell Ms interest in certain lands, jointly owned by the testator and S. 0. Pavatt, on such terms as tlrey miglit think to the interest, of Ms children, six in number, and to divide the proceeds equally among them. Under this authority, the executors made a sale to Mark L. Fowlkes, and in consideration of three thousand dollars, executed a deed to him on the 21st September, 1860. On the 2d March, 1862, Mrs. Camilla Cockrell, while her husband was absent in the Confederate service, executed a receipt, in her own name, for the said sum of five hundred dollars in full of her share of the proceeds of sale.
This bill was filed 4th March, 1868, to set aside the probate of the will, and to annul the deed to Fowlkes, or, if this could not be done, to compel the executors to account for the five hundred dollars, on the grounds that the executors had made the payment in Confederate money, which they promised to make good, and that the husband, when he returned from the army, refused to recognize the payment, and never joined in his wife’s receipt. All claim to relief is abandoned, except as to the receipt. There is no evidence of any express refusal of the husband to join .in or approve the receipt, and it is in proof that the payment was made in equal parts of Tennessee and Confederate “money,’' without any objection on .the part of Mrs. Cockrell, who states, however, that she had no direction from her husband to receive it, and that he was not present at the time.
*474 Although it is well settled that an executor may decline paying to the husband the wife’s legacy until he consents to make a suitable settlement upon her, the rule of law, before the adoption of the Code, was, that a legacy given to • a married woman must be paid to the husband: 2 Wms. on Ex’rs, 5 Am. ed., 1274; 1 Rop. on Leg., 2 Am. ed., 887. The Code1 does not, in express terms, authorize the payment of the legacy to the wife. Section 3319 authorizes her to receive the proceeds of sale made for partition, in person, or upon privy examination. Sections 2483 and 4052, provide that the proceeds of real or personal property belonging to her cannot be paid to any person except by her consent upon privy examination, or unless a deed, or power of attorney is executed by husband and wife, and her privy examination taken, as in other cases. 'She has the rights and powers of a feme sole as to her property, earnings and contracts, under the circumstances provided for in sections 2485, 2486.
But there are circumstances under which the wife may act as agent of the husband, or in which her acts in his behalf may be ratified by him; and, as the payment in this case was made to her, in the absence of her husband, and, doubtless, for her necessary support while he was in the army; as there is no proof that, on his return, he made any complaint, or objection, in regard to the payment to her; as this suit was not commenced until six years after the payment, when he supposed he could show it was made in Confederate money, and *475 that sucb a payment would be treated as nugatory; we bold tbat be is estopped, by bis long acquiescence, to deny tbe agency of tbe wife, and tbat tbe payment to ber was good. Had sbe filed a bill against ber busband and tbe executors to compel a settlement of tbe fund upon ber, no court of equity would, under ' tbe circumstances, bave refused to give tbe entire amount to ber, and it would be inequitable and unjust, at tbis late day, to compel tbe executors to re-pay tbe money on wbat, in view of tbe faqts of tbis case, is tbe mere technical objection tbat tbe busband did not join in tbe receipt.
Affirm tbe decree witb costs.